# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO.   23-16** |
| **BHASKAR SAVANI** | : | |
| a/k/a "Dr. B," | | |
| **ARUN SAVANI** | : | |
| **NIRANJAN SAVANI** | | |
| a/k/a "Nin," | : | |
| **SUNIL PHILIP** | | |
| a/k/a "A. Philipose," | : | |
| **AMEN DHYLLON** | | |
| a/k/a "Dr. Amen," | : | |
| **ALEKSANDRA RADOMIAK** | | |
| a/k/a "Ola," | : | |
| **JON JULIAN** | | |
| **VIVEK SAVANI** | : | |
| **BHARATKUMAR PARASANA** | | |
| a/k/a "Kumar," | : | |
| **HITESHKUMAR GOYANI** | | |
| **PIYUSHA PATEL** | : | |
| **SUSAN MALPARTIDA** | | |

## PROTECTIVE ORDER

AND NOW, this          day of                    , 2023, upon consideration of the government's unopposed motion for a protective order, it is ORDERED that the motion is GRANTED.

IT IS FURTHER ORDERED, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, that defense counsel may make such use of the discovery materials as is necessary to prepare pre-trial motions, prepare for trial and for use at trial, including the disclosure of the material to the defendants. Any counsel, defendant, or other person to whom disclosure is made pursuant to this paragraph may not use the discovery materials for any

purpose other than preparation of pre-trial motions and preparation for or use at trial, and may

not disclose the discovery materials or information contained in the discovery materials to any

third party, except as required to prepare pre-trial motions and prepare for trial or for use at trial.

Defense counsel shall maintain a log of every person to whom disclosure of the discovery

materials is made for the purpose of preparation of pre-trial motions and preparation for or use at

trial, and shall have any person who is not a defendant, or an employee of the law firm

representing the defendant, at the time of disclosure, sign and date the following statement:

> I, _____, acknowledge that
> discovery materials have been disclosed to me for the
> purpose of assisting defendant
>
> _____
> in preparing for and using such materials at trial.
>
> I have read the Order of the Court dated _____
> permitting such disclosure to me, and agree, as
> directed in that Order, that I will use the discovery
> materials only for preparation for pretrial motions
> and preparation and use at trial, and will not
> otherwise disclose the discovery materials or
> information contained in the discovery materials to
> any third party. I acknowledge that a violation of
> the Court's Order may result in penalties for
> contempt of court.
>
> _____
> Signature

**BY THE COURT:**

_____
**HONORABLE JEFFREY L. SCHMEHL**
**United States District Court Judge**

2

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO.   23-16 |
| BHASKAR SAVANI | : | |
| a/k/a "Dr. B," | | |
| ARUN SAVANI | : | |
| NIRANJAN SAVANI | | |
| a/k/a "Nin," | : | |
| SUNIL PHILIP | | |
| a/k/a "A. Philipose," | : | |
| AMEN DHYLLON | | |
| a/k/a "Dr. Amen," | : | |
| ALEKSANDRA RADOMIAK | | |
| a/k/a "Ola," | : | |
| JON JULIAN | | |
| VIVEK SAVANI | : | |
| BHARATKUMAR PARASANA | | |
| a/k/a "Kumar," | : | |
| HITESHKUMAR GOYANI | | |
| PIYUSHA PATEL | : | |
| SUSAN MALPARTIDA | | |

## MOTION OF THE UNITED STATES OF AMERICA
## FOR A PROTECTIVE ORDER, PURSUANT TO
## FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1)

The United States of America, through its attorneys, Jacqueline C. Romero,

United States Attorney for the Eastern District of Pennsylvania, and Lesley S. Bonney, Kevin L.

Jayne, Meaghan A. Flannery, and Sarah L. Grieb, Assistant United States Attorneys in and for

the district, and Senior Policy Advisor Darrin McCullough and Trial Attorney Colin Trundle,

U.S. Department of Justice, Money Laundering and Asset Recovery Section, Money

Laundering and Forfeiture Unit, respectfully requests that the Court enter a protective order,

pursuant to Federal Rule of Criminal Procedure 16(d)(1), limiting the use of investigative materials produced in discovery for preparation of pre-trial motions and preparation for trial and at trial, and prohibiting the disclosure of the information to third parties, except as required to prepare pretrial motions and prepare for trial and for use at trial, and in support of its motion, avers the following:

1.      On January 18, 2023, a grand jury sitting in the Eastern District of Pennsylvania returned a 42-count Indictment charging twelve defendants[1] with numerous crimes, including a racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d); a visa fraud conspiracy, in violation of Title 18, United States Code, Section 371 and visa fraud, in violation of Title 18 United States Code, Section 1546; a health care fraud conspiracy, in violation of Title 18, United States Code, Section 1349 and health care fraud, in violation of Title 18, United States Code, Section 1347; money laundering, in violation of Title 18, United States Code, Sections 1956 and 1957; a tax fraud conspiracy, in violation of Title 18, United States Code, Section 371 and wire fraud involving false tax returns, in violation of Title 18, United States Code, 1343; and a conspiracy to place adulterated and misbranded dental devices in interstate commerce, in violation of Title 18, United States Code, Section 371.

2.      On February 7, 2023, this Court entered an order designating the case as complex pursuant to the Speedy Trial Act. ECF No. 148.

3.      The government, pursuant to its discovery obligations, has begun the process of producing and making available to the defense a large quantity of discovery materials. The discovery in this case includes documents and electronic evidence obtained during the

---

[1] Not all defendants are charged in all counts.

4

execution of search warrants on a number of locations, cellular telephones, and a cloud

computing company, the affidavits submitted in support of the search warrants, reports of

interviews, documents obtained by grand jury subpoenas, HIPPA subpoenas, and agency

requests for information, medical records, federal tax documents, grand jury transcripts, video-

recorded interviews, consensually monitored calls and interactions, and pole camera footage.

Many of these materials contain sensitive, non-public information and pertain to individuals not

named as defendants, some of which could potentially constitute uncharged criminal conduct by

persons other than the defendants.

4.      The discovery will include a substantial number of financial records of the

defendants and others, which were obtained by grand jury subpoenas and search warrants, and

which contain non-public identifying information of the account holders, including addresses,

Social Security Numbers, and dates of birth. Because of the large volume of these records, and

the format in which the government received most of them, the government does not intend to

redact them.

5.      The discovery also contains proprietary information and health care claims

information obtained by grand jury subpoena and agency request for information from managed

care organizations not named in the indictment, the disclosure of which to the general public

would infringe upon the managed care organizations' ability to keep their proprietary

information confidential, and upon the patients' ability to keep their medical information private.

6.      Absent a protective order, discovery materials provided to defense counsel

could be disclosed to persons who could use the personal identifying information contained

therein to commit identity theft, or financial fraud. Other information, including recorded

telephone conversations with cooperating witnesses, could be disseminated to the public, and unfairly harm or prejudice uncharged individuals, in addition to prejudicing the defendants. Additionally, grand jury witnesses have expressed concern that their grand jury testimony and statements to the FBI might become public. The distribution of such materials would prematurely disclose the witnesses' cooperation with the government.

7.     To protect the privacy interests of persons who are identified in the discovery materials but who have not been named in the Indictment, as well as the privacy interests of the individuals who testified in the grand jury and were interviewed by law enforcement agents, the government respectfully requests that the Court enter a protective order limiting the use of the discovery materials provided to the defense for the preparation of pre-trial motions and preparation for and use at trial, and further prohibiting the defense from disclosing the discovery materials to third parties, except as required to prepare for trial or for use at trial. The proposed order requires defense counsel to: 1) maintain a log of every person to whom disclosure of the discovery materials is made, including defendants, and employees of the law firm representing the defendants; and 2) have any person to whom disclosure is made, who is not a defendant, or an employee of the law firm representing the defendant, sign and date a statement acknowledging the Court's Order.

8.     Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that the Court may "for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Supreme Court has noted that the courts may use protective orders to restrict the use of materials produced in discovery:

> [T]he trial court can and should, where appropriate, place a
> defendant and his counsel under enforceable orders against

> unwarranted disclosure of the materials which they may be entitled
> to inspect.

*Alderman v. United States*, 394 U.S. 165, 185 (1969). *Cf. United States v. McDade*, 1994 WL 161243, *3-*5 (E.D. Pa. April 15, 1994) (limiting use of criminal deposition "solely for the preparation and conduct of the proceeding" and prohibiting any further disclosure). In *United States v. Smith*, 776 F.2d 1104, 1114 (3d Cir. 1985), which involved a motion for press access to a bill of particulars naming unindicted coconspirators, even though the Court of Appeals acknowledged that "the public has a substantial interest in the integrity or lack of integrity of those who serve them in public office," it denied the motion, holding that the risk of serious injury to third parties from disclosure outweighs the interest of the public in access to this limited segment of the bill of particulars.

9.     The subject of the instant motion is discovery, which includes voluminous bank records, claim, payment and credentialing data from managed care organizations administering Medicaid dental benefits in Pennsylvania, recordings of telephone calls and interactions with the defendants, federal tax return information, financial records, reports of interviews, and grand jury testimony will be furnished to defense counsel solely to aid their preparation of pre-trial motions and for trial. Although some of this information will be subject to public disclosure when it is introduced at trial, or is the subject pleadings, at this stage of the proceedings, the discovery materials at issue are not trial evidence, but are investigatory materials for which no right of access exists or should be created.

10.     Much of the material involves matters occurring before the grand jury, for which secrecy is the general rule. The Supreme Court has long described the necessity for grand jury secrecy as "indispensable, *United States v. Johnson*, 319 U.S. 503, 513 (1943), and such

7

secrecy on the part of government officials has long been mandated by law.   *See* Fed. R. Crim.

P. 6(e); *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 218 n.9 ("Since

the 17th century, grand jury proceedings have been closed to the public, and records of such

proceedings have been kept from the public eye . . . The rule of grand jury secrecy was imported

into our federal common law and is an integral part of our criminal justice system."). The

Supreme Court has defined the interests supporting the rule of grand jury secrecy as follows:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to
> insure the utmost freedom to the grand jury in its deliberations, and to prevent
> persons subject to indictment or their friends from importuning the grand jurors;
> (3) to prevent subornation of perjury or tampering with the witnesses who may
> testify before [the] grand jury and later appear at the trial of those indicted by it;
> (4) to encourage free and untrammeled disclosures by persons who have
> information with respect to the commission of crimes; (5) to protect [an] innocent
> accused who is exonerated from disclosure of the fact that he has been under
> investigation, and from the expense of standing trial where there was no
> probability of guilt.

*United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 n.6 (1958), quoting *United States v.*

*Rose*, 215 F.2d 617, 628-29 (3d Cir. 1954). These important interests -- protection of the ability

of criminal investigators and the grand jury to complete their work, protection of witnesses who

appear before the grand jury, and protection of the reputation of individuals who have not been

accused of any wrongdoing -- amplify the requirement of secrecy of any investigation, whether

the matter is immediately before the grand jury or not. In *United States v. Smith*, 123 F.3d 140,

146-47 (3d Cir. 1997), the Third Circuit held that there is neither a First Amendment nor

common law right of access to grand jury materials. In that case, newspapers sought access to,

among other items, a sentencing memorandum in the case, which the Court of Appeals described

as a matter of "great public interest," involving a state lottery kickback scheme. The

memorandum referred to allegations of criminal conduct against individuals who had not been

charged. *Id.* at 142. The Court of Appeals affirmed the sealing of the memorandum because it included information developed by the grand jury which had not yet resulted in criminal charges. *Id.* at 149.

        12.      Public interest in the subject matter of the case is not a factor supporting disclosure. The Third Circuit has stated that the level of public interest in a particular case is not an important consideration in determining access to judicial proceedings. *See, e.g., United States v. Smith*, 776 F.2d 1104, 1115 (3d Cir. 1985); *United States v. Martin*, 746 F.2d 964, 969 (3d Cir. 1984).

        13.      Counsel for the defendants do not object to the entry of the proposed order.

WHEREFORE, for all of the reasons stated above, the government respectfully requests that the Court enter a protective order pursuant to Rule 16(d)(1) in the form of the proposed order attached to this motion.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

*/s Lesley S. Bonney*
LESLEY S. BONNEY
KEVIN L. JAYNE
MEAGHAN A. FLANNERY
SARAH L. GRIEB
Assistant United States Attorneys


*/s Darrin McCullough*
DARRIN McCULLOUGH
Senior Policy Advisor
COLIN TRUNDLE
Trial Attorney
U.S. Dept. of Justice, Money Laundering and
 Asset Recovery Section

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this Motion for Protective Order has been served on the Filing User

identified below through the Electronic Case Filing (ECF) system and by email:

Henry E. Hockeimer , Jr.
Terence Grugan
BALLARD SPAHR LLP
1735 MARKET ST 51ST FL
PHILADELPHIA, PA 19103
**Counsel for BHASKAR SAVANI**


Paul J. Hetznecker
1420 WALNUT ST STE 911
PHILADELPHIA, PA 19102
**Counsel for ARUN SAVANI**


Abraham J. Rein
POST & SCHELL PC
FOUR PENN CENTER 14TH FL
1600 JOHN F KENNDY BLVD
PHILADELPHIA, PA 19103
**Counsel for NIRANJAN SAVANI**


Patrick J. Egan
FOX ROTHSCHILD LLP
2000 MARKET ST 10TH FL
PHILADELPHIA, PA 19107

Samuel A. Haaz
FOX ROTHSCHILD LLP
10 SENTRY PARKWAY SUITE 200 P.O. BOX 3001
BLUE BELL, PA 194223001
**Counsel for SUNIL PHILIP**


Todd Henry
THE HENRY LAW FIRM
1500 WALNUT STREET SUITE 1060
PHILADELPHIA, PA 19102
**Counsel for AMEN DHYLLON**

Leigh Michael Skipper
Nicholas DiMarco
DUANE MORRIS LLP
30 SOUTH 17TH STREET
PHILADELPHIA, PA 19103-4196
**Counsel for ALEKSANDRA RADOMIAK**


Christopher P. Lynett
ARMSTRONG TEASDALE
2005 MARKET STREET STE 29TH FLOOR
PHILADEPHIA, PA 19103

J. Thomas "Tom" Clarkson
GRIFFIN DURHAM TANNER & CLARKSON
75 14TH STREET, NE
SUITE 2130
ATLANTA, GA
**Counsel for JON JULIAN**


Carina Laguzzi
LAGUZZI LAW PC
PO BOX 30095
PHILADELPHIA, PA 19103
**Counsel for VIVEK SAVANI**


Lawrence J. Bozzelli
THE BOZZELLI LAW FIRM
211 N. 13TH ST SUITE 701
PHILADELPHIA, PA 19107
**Counsel for BHARATKUMAR PARASANA**


Michael Brendan Mccrossen
Timothy A. Wright
FEDERAL COMMUNITY DEFENDER TRIAL UNIT
601 WALNUT STREET SUITE 540 WEST
PHILADELPHIA, PA 19106
**Counsel for HITESHKUMAR GOYANI**

John J. Mcmahon , Jr.
LAW OFFICE OF JACK MCMAHON
139 NORTH CROSKEY ST
PHILADELPHIA, PA 19103

David Fautsch
THE WEINHARDT LAW FIRM
2600 GRAND AVENUE, SUITE 450
DES MOINES, IA 50312
**Counsel for PIYUSHA PATEL**


Rocco C. Cipparone , Jr.
LAW OFFICES OF ROCCO C. CIPPARONE
203-205 BLACK HORSE PIKE
HADDON HEIGHTS, NJ 08035
**Counsel for SUSAN MALPARTIDA**


_/s Lesley S. Bonney_
LESLEY S. BONNEY
Assistant United States Attorney


DATED:  March 2, 2023.