**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA       :

      **v.**       :       **Crim. No. 23-16-01, -02, -03**

BHASKAR SAVANI, et al.       :

**O R D E R**

AND NOW, this _____ day of August, 2024, upon consideration of defendants Bhaskar Savani, Arun Savani, and Niranjan Savani's Joint Motion (and Incorporated Memorandum) for Modification of Their Current Conditions of Pretrial Release, and the government's response to the motion, it is HEREBY ORDERED that:

(1) The request to remove the condition of GPS location monitoring is DENIED. No further requests will be made to modify the condition of GPS location monitoring absent a true change in circumstance;

(2) The request to extend the 10:00 p.m. curfew by two hours until September 21, 2024 is DENIED. No further requests to modify the curfew will be made absent a true change in circumstance;

(3) The request to modify the Savani Brothers' travel restrictions is GRANTED IN PART. The Savani Brothers may travel during the day and within curfew hours to the Middle District of Pennsylvania, the District of New Jersey, and the District of Maryland, and may travel through the District of Delaware to get to the District of Maryland, provided that:

(a) At least three business days' prior notice of expected travel is provided to Pretrial Services and the United States Attorney's Office. Such notice shall include the date of travel, address of destination, and name of business/person being visited;

(b) Pretrial Services must approve the request;;

(c) If the United States Attorney's Office objects to a particular travel request, it may file a motion with the Court to prevent the travel;

(d) Requests for overnight travel continue to require a motion to and approval of this Court.

No further requests for modification of travel restrictions shall be made absent emergent or unforeseen circumstances.

(4) The request of Bhaskar Savani to travel to the Eastern District of New York to meet with a wedding vendor located at 1020 Gazza Boulevard, Farmingdale, New York, is GRANTED provided he complies with the notice requirements described above.

(5) The request that curfew be suspended for Bhaskar Savani so that he may stay with his family at Camelback Lodge for his daughter's wedding is GRANTED. The curfew will be suspended the evenings of August 30, August 31, and September 1, 2024. The Court previously granted this same request with regard to Arun Savani and Niranjan Savani. (ECF Nos. 342, 350).

BY THE COURT:

_____
HON. JEFFREY L. SCHMEHL
United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Crim. No. 23-16-01, -02, -03 |
| BHASKAR SAVANI, et al. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANTS ARUN SAVANI, BHASKAR SAVANI, AND NIRANJAN SAVANI'S JOINT MOTION (AND INCORPORATED MEMORANDUM) FOR MODIFICATION OF THEIR <u>CONDITIONS OF PRETRIAL RELEASE</u>**

Upon their arrest in January 2023, to avoid the possibility of being detained pretrial, Defendants Bhaskar Savani, Arun Savani, and Niranjan Savani ("Savani Brothers") readily agreed to be released to home detention with GPS location monitoring. At that time, they were mostly confined to their homes, permitted to leave only for specified activities such as work, religious reasons, medical reasons, attorney visits and court. In the intervening 19 months, through three different attorneys each, the Savani Brothers have pursued a death-by-one thousand-cuts strategy to whittle away at the conditions of release to which they readily agreed. The Savani Brothers have needlessly taxed the resources of the Court, Pretrial Services, and the government with their unremitting demands, frequently making the same request even after the Court previously denied a substantially identical request.

Undeterred and evidencing a lack of respect for this Court's prior rulings, the Savani Brothers are yet again pressing to remove the most critical component of their conditions of pretrial release: GPS location monitoring. They also request a significant modification to the travel restrictions currently in place. The Savani Brothers present a significant risk of flight based upon their deep family and business ties in India, their collective wealth in India, and their stated intention to flee to India. As this Court has affirmed through prior rulings, GPS location

monitoring is the least restrictive means of assuring the Savani Brothers' appearance as required

by the Court and should remain in place. The defendants also seek to cut the government out of

any prior notification while requesting that they be allowed to regularly travel to a number of

nearby states in addition to the Eastern District of Pennsylvania. There is no legitimate reason to

keep the government in the dark. Should the Court grant the Savani Brothers' broad request for

frequent travel to surrounding states, the government, in addition to Pretrial Services, should

receive prior notice of the Savani Brothers' travel requests, and should have the ability to object

to specific requests if necessary. The government has been and will remain focused on imposing

the least restrictive conditions that will assure the Savani Brothers' appearance as required. The

GPS location monitoring and advance notice to the government of travel outside of the Eastern

District of Pennsylvania both achieve that goal by allowing the Savani Brothers relatively free

movement in central and eastern Pennsylvania and surrounding states while providing a

mechanism to identify and raise issues with potentially problematic travel.

A.      **GPS Location Monitoring**

        The government has objected and will continue to object to requests to remove GPS

location monitoring. The government's investigation of the Savani Group has spanned years.

Over that time, the government has obtained a detailed knowledge of the Savani Group, its

members, associates and employees, and its largely criminal operations involving many and

varied fraud schemes. That investigation has established that many of the requests and the bases

for those requests made by the Savani Brothers, such as Niranjan Savani's most recent motion

claiming no wealth or business ties to India, stand in stark contrast to reality.[1] The crimes with

---

[1] The Court most recently denied Niranjan Savani's requests to have his condition of GPS monitoring removed and for a 2-hour extension of his curfew less than one month ago, on July 16, 2024. ECF No. 352. As such, the government respectfully requests that his renewed requests

which the Savani Brothers have been charged share an overarching commonality – a willingness to repeatedly lie to federal authorities and submit false documentation to federal authorities to facilitate the Group's schemes. To the extent the Savani Brothers are not candid with their attorneys regarding the purported reasons for their need to travel, that adds to the risk of non-appearance that the brothers pose.

For the reasons set forth in each of the government's prior responses on the topic of risk of flight,[2] the government continues to object to the removal of GPS monitoring, even for the limited two-week period now requested. The request for relief from GPS monitoring boils down to embarrassment at others seeing the ankle monitors. But the criminal charges against the Savani Brothers are public. Conditions of release are not determined based on how best to minimize a defendant's embarrassment from public charges.[3] Instead, the focus is imposing the least restrictive conditions that will assure the Savani Brothers' appearance. Given the substantial risk of flight here, the least restrictive conditions include the one the Savani Brothers agreed to—GPS location monitoring. Their request to now eliminate that core condition should be denied.

_____

for the same modifications in this motion be denied outright as no circumstances have changed since the Court's July 16th ruling.

[2] Because this issue has already come up in many prior requests by the Savani Brothers, the government has already provided substantial detail on this risk of flight in several prior responses in opposition, all of which are incorporated by reference here.

[3] The Savani Brothers' purported embarrassment is not a factor that in anyway minimizes the established risk of flight or warrants removal of the ankle monitor. In *United States v. Sanchez,* 2014 WL 3421003, at *11 (D.N.M June 26, 2014), cited by the Savani Brothers, the court agreed to briefly remove a GPS ankle monitor during a baptism ceremony because the ankle monitor could not be submerged in water. The present request for removal of the monitor for a period of two weeks is factually distinguishable and the case cited inapposite. The Savani Brothers' ankle monitors will work as intended during the weddings they seek to attend, and removing location monitoring for two weeks is not comparable to removing the monitoring for the duration of a baptism ceremony.

**B.**     **Other Proposed Modifications Including Omitting Notification to the Government**

In addition to the removal of the GPS location monitoring, the Savani Brothers also ask that the Court further loosen their travel restrictions, but without providing notification to the U.S. Attorney's Office when seeking approval with Pretrial Services for travel outside the Eastern District of Pennsylvania to neighboring states. Because there is no legitimate reason to remove the U.S. Attorney's Office from the notification process, that portion of the request should also be denied.

Presently, the Savani Brothers' travel is generally restricted to the Eastern District of Pennsylvania. Defendant Niranjan Savani has permission to travel to the District of New Jersey to perform dental services at his dental office with prior notice to pretrial services, and the government has agreed to a variety of "one-off" travel requests for each of the brothers. Through their current motion, the Savani Brothers seek to add the Middle District of Pennsylvania, District of New Jersey, District of Maryland, District of Delaware (to travel through to get to Maryland), and the Eastern District of New York[4] as locations they may travel to regularly with prior notice and approval from Pretrial Services. But notably, the Savani Brothers' requested approval process removes any notification to the U.S. Attorney's Office.

As the lengthy recitation of the procedural history of modification requests in the Savani Brothers' current motion underscores, the government has agreed to modifications to permit the defendants to continue to meet their work obligations and to allow them to be part of major life events for family members and friends. For example, the government has agreed to modifications permitting Niranjan Savani to attend his son's college graduation, to permit all three brothers to attend Bhaskar Savani's daughter's house-warming party, wedding and related

---

[4] Defendant Bhaskar Savani requests permission to travel to New York to meet with a wedding vendor in Farmingdale, New York. Farmingdale is in the Eastern District of New York.

festivities. The government also has no objection to suspending the Savani brothers' curfew for Bhaskar Savani's daughter's wedding weekend so that the families may stay together at the Camelback Lodge. Additionally, where there have been legitimate business needs to travel to New Jersey, the government has not objected to those requests. Importantly, the fact that the Savani Brothers remain on GPS location monitoring has enabled the government to agree to these modifications.

The current requests to travel for familial, cultural and religious reasons are similar in location and extension of curfew to last year's request for the Savani Brothers to be permitted to personally ferry mangos throughout the tri-state area for charitable purposes, which the Court denied. Moreover, the government's investigation has revealed that a significant number of the Savani Group's members, associates and employees are family, extended family and friends – the very categories of persons the Savani Brothers now seek the ability to visit with by traveling freely outside of the Eastern District of Pennsylvania. Depending on exactly whom the Savani Brothers are visiting, this could raise concerns of witness tampering or witness intimidation. Accordingly, in considering the Savani Brother's proposed modifications prior to their counsel filing the current motion, the government stated it would agree to the proposed travel-related modifications provided the government was included in the three business days' prior notice of travel, and provided that the government could file a motion with the Court if it objected to particular travel requests. In light of the government's prior agreement to many travel requests when provided with notice, the government did not believe this condition to be controversial. However, no agreement was reached because the Savani Brothers do not want to provide notification to the government ahead of their travel.

The government has no desire to prevent the Savani Brothers from enjoying Bhaskar's Savani's daughter's wedding and attendant planning and festivities, from visiting with friends and family on religious holidays or at their weddings, from visiting their children in college, or from meeting their children's boyfriend or girlfriend's families. The government does, however, have a strong desire stop the unending flow of requests for modification of release conditions, to ensure that the least restrictive and most appropriate conditions of release are in place to assure the Savani Brothers' appearance as required by the Court, and to ensure that there is no inappropriate contact with unindicted co-conspirators and potential witnesses. Accordingly, the government has no objection to the proposed travel modifications[5] provided that:

(1) the government is included in the three business days' prior notice to Pretrial Services;

(2)  the notice provided must include the purpose of the travel, the address of the destination and the name of the family member/friend/business they are visiting;

(3) the government may object to specific travel requests that raise red flags and file a motion with the Court to prevent travel.

This proposed structure aims to minimize the burden on the Court with these constant requested modifications, address the government's concerns, and impose the least restrictive conditions necessary to ensure the Savani Brothers' appearance.

---

[5] In their motion, the Savani Brothers represent that "the U.S. Attorney's Office does not believe Arun Savani needs to visit his niece." This is not entirely accurate. The government certainly understands why Niranjan Savani is requesting blanket permission to travel to see his daughter as needed at college. The government questions why Arun Savani needs the same permission to travel as frequently to Maryland to see Niranjan Savani's daughter at college, nonetheless, the government is not objecting to the request. Similarly, the government had objected to Bhaskar Savani's request to travel to Maryland because he had articulated no need to travel there. The instant motion now indicates that Bhaskar Savani would like to travel to Maryland to see his niece and because friends and family reside throughout Maryland.

C.      **Conclusion**

The Savani Brothers have executed what has been a rather successful strategy of

exhausting and tying up resources of all parties concerned with an unending torrent of requests to

modify of their conditions of pretrial release. Since they initially agreed to home detention with

location monitoring in January 2023, they have succeeded in gaining significant modifications to

their conditions of release and, sensing opportunity, have continued to serially request many

more. The government is cognizant of the fact that pretrial release conditions are not intended to

be punitive, and that the Court is to impose the least restrictive conditions that will assure the

Savani Brothers appearance as required. Nonetheless the government has well supported and

ongoing concerns about the risk of flight, including additional information regarding plans to

flee.[6] Additionally, based on its investigation, the government is aware that many of the

members, associates, and employees of the Savani Group are extended family and friends. The

request for broad travel, without GPS location monitoring and without any notification to the

government, to see these same categories of people, is concerning and raises questions regarding

the true purpose of the travel.

For the reasons set forth above and in prior responses to requests to modify conditions of

release incorporated here, the government respectfully requests that the GPS location monitoring

condition and curfew remain in place without modification. Provided that the notice conditions

described above are met, the government does not object to the requested travel-related

modifications. Finally, the government respectfully requests that the Court's order include a

prohibition on any further requests to remove GPS location monitoring absent a true change in

---

[6] To the extent the Court has any lingering questions on the risk of flight, the government is open to supplying the Court with additional investigative materials that articulate specific concerns about the Savani Brothers' risk of flight.

circumstance, and a prohibition on further requests for modification to travel absent emergent or

unforeseen circumstances.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

*/s/ Lesley S. Bonney*
LESLEY S. BONNEY
KEVIN JAYNE
ANTHONY D. SCICCHITANO
Assistant United States Attorneys

8

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I caused a true and correct copy of the Government's Response to

Defendants Arun Savani, Bhaskar Savani, and Niranjan Savani's Joint Motion (and Incorporated

Memorandum) for Modification of their Conditions of Pretrial Release to be served on all

counsel of record by CM/ECF.


*/s/ Lesley S. Bonney*
LESLEY S. BONNEY
Assistant United States Attorney


Date: August 13, 2024